Argued April 20, affirmed June 13, 1978

OREGON STATE EMPLOYES ASSOCIATION,
*Petitioner,*
*v.*
DEPARTMENT OF COMMERCE, *Respondent.*
(No. C-19-75, CA 9942)
579 P2d 872

John S. Irvin, Salem, argued the cause and filed the brief for petitioner.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Petitioner Oregon State Employes Association (OSEA) seeks review of an order of the Employment Relations Board (ERB), which held that the Department of Commerce was not prohibited by the Public Employes' Collective Bargaining Law (ORS 243.650 to 243.782) from using state time and funds to campaign against a labor organization in a representation election.[1]

In November, 1976, a representation election was held for employes of the Department of Commerce. Employes had the choice of voting either for "no representation" or for the petitioner OSEA. The OSEA conducted an active campaign, including the circulation of various leaflets aimed at convincing the employes of the Department of Commerce to vote for the OSEA in the representation election. The Department conducted a similar campaign, including the distribution of leaflets prepared at state expense, designed to convince its employes to vote to the contrary. A majority voted "no representation."

OSEA's position is premised on the fact that the Public Employes' Collective Bargaining Law contains no provision authorizing the state to campaign in a representation election, with or without expenditure of public resources. The absence of any such express provision, OSEA contends, indicates that any such state activity in this area is proscribed.

It is true that the Public Employes' Collective Bargaining Law contains no explicit provision authorizing the state to campaign against a particular union in a representation election. However, we concur with ERB's interpretation of the statutory scheme

---

[1] We are not here dealing with nor do we express any opinion as to the right of the state to campaign in favor of one labor organization as against a competing labor organization.

involved here to the effect that it, taken as a whole, does implicitly authorize what occurred here:

"ORS 243.662 provides for the right of certain employes to organize in order to bargain collectively. However, a viable option left open is that of choosing 'no representation.' [*See* ORS 243.686(2).] It seems apparent that the Legislature contemplated that the employes should be allowed to make an informed and secret choice at the polls. Without some opportunity for advocates of both positions to be heard, the opportunity of the employes to make that informed choice would not be possible. Within the bounds of fair comment, and reasonable and timely opportunity to answer charges leveled, both sides may be heard."

Affirmed.