LOCAL 79, SERVICE EMPLOYEES INTERNATIONAL UNION,
AFL-CIO, HOSPITAL EMPLOYEES DIVISION v LAPEER COUNTY
GENERAL HOSPITAL

Docket No. 52079. Submitted February 5, 1981, at Lansing.—Decided
November 17, 1981.

Local 79, Service Employees International Union, AFL-CIO, Hos-
pital Employees Division, petitioned the Michigan Employment
Relations Commission (MERC), seeking to become the bargain-
ing agent for the nonprofessional employees of Lapeer County
General Hospital. Subsequently, the hospital and the union
entered into a consent election agreement, an election was
held, and the employees rejected the union. The union there-
upon filed 10 objections to the election with MERC. The hospi-
tal moved to dismiss nine of the objections on the ground that
MERC lacked jurisdiction to decide the issues and that the
objections did not state claims upon which relief could be
granted under the public employment relations act (PERA).
The union also filed an unfair labor practice charge against the
hospital. The actions were consolidated by an administrative
law judge, who recommended dismissal of the unfair labor
practice charge. MERC subsequently dismissed both the charge
and the objections. The union appeals MERC's decision dismiss-
ing the objections. *Held:*

1. The union properly appealed MERC's decision to the Court
of Appeals.

2. The record, considered as a whole, reveals that MERC's
decision as to each objection was supported by competent,
material, and substantial evidence. The Court of Appeals will
not determine whether MERC should have found some cumula-
tive violation of PERA.

3. MERC properly found that PERA allows a public employer
to expend public time and money to express its views on union

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law § 556 *et seq.*
[2] 2 Am Jur 2d, Administrative Law § 610 *et seq.*
[3] 48A Am Jur 2d, Labor and Labor Relations § 1764 *et seq.*
[4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions § 161.

representation and that such expression does not infringe on an employee's right of freedom of association.

4. MERC properly refused to consider alleged violations of the Open Meetings Act and the Freedom of Information Act by the hospital. The circuit court is the proper forum in which to seek relief from such violations.

Affirmed.

1. ADMINISTRATIVE LAW — APPEAL.

Any party aggrieved by a final order of the Michigan Employment Relations Commission may appeal to the Court of Appeals as of right (MCL 423.23[2][e]; MSA 17.454[25][2][e]).

2. ADMINISTRATIVE LAW — APPEAL.

The Court of Appeals, in reviewing a decision of the Michigan Employment Relations Commission, must determine whether the commission's finding on each question of fact is supported by competent, material, and substantial evidence on the record considered as a whole (MCL 423.23[2][e]; MSA 17.454[25][2][e]).

3. ADMINISTRATIVE LAW — PUBLIC EMPLOYERS — UNIONS.

The public employment relations act allows a public employer to expend public time and money to express its views on union representation, and such expression does not abridge a public employee's freedom of association (MCL 423.201 *et seq.;* MSA 17.455[1] *et seq.).*

4. ADMINISTRATIVE LAW — PUBLIC EMPLOYERS — FREEDOM OF INFORMATION ACT — OPEN MEETINGS ACT.

The proper forum in which to seek relief from a violation of the Freedom of Information Act or the Open Meetings Act is the circuit court and not the Michigan Employment Relations Commission, notwithstanding labor-related issues (MCL 15.240, 15.270, 423.210; MSA 4.1801[10], 4.1800[20], 17.455[10]).

*Winegarden, Booth, Ricker, Shedd, Haley & Grossman* (by *Howard R. Grossman* and *David Melkus),* for plaintiff.

*Keller, Thoma, Schwarze & Schwarze, P.C.* (by *Dennis B. DuBay* and *Terrence J. Miglio),* for defendant.

Before: DANHOF, C.J., and R. M. MAHER and BEASLEY, JJ.

PER CURIAM. Petitioner-appellant Local 79, Service Employees International Union, AFL-CIO, Hospital Employees Division, appeals a Michigan Employment Relations Commission order dismissing objections to an election held to organize employees of respondent-appellee Lapeer County General Hospital.

On March 5, 1979, the Hospital Employees Division, Local 79, Service Employees International Union, AFL-CIO (union), filed a petition for election with the Michigan Employment Relations Commission (MERC), seeking to become the bargaining agent for all nonprofessional employees of Lapeer County General Hospital (hospital). On May 25, 1979, the hospital and the union entered into a consent election agreement providing for an election to be held on June 29, 1979. The union lost this election, 221 employees voting against and 116 voting in favor of union representation.

On July 9, 1979, the union filed 10 objections to the election with MERC. On July 25, 1979, the hospital moved to dismiss nine of the objections on the ground that MERC lacked jurisdiction and on the ground that the objections did not state claims upon which relief could be granted under the public employment relations act (PERA), MCL 423.201 et seq.; MSA 17.455(1) et seq. A hearing on the union's objections was held on August 22, 1979.

On August 30, 1979, the union filed an unfair labor practice charge against the hospital, alleging that it had interfered with the organizational drive by using public time and money to defeat the union's campaign. The administrative law judge consolidated the two actions, and both parties agreed that no further testimony was necessary. Subsequently, on March 11, 1980, the judge sepa-

rated the two actions and issued an opinion on the unfair labor practice charge, recommending its dismissal. On April 11, 1980, after neither party filed objections to the judge's recommendations, MERC dismissed the unfair labor practice charge. On May 23, 1980, MERC issued an order and decision dismissing the union's objections to the elections. The union now appeals MERC's decision of May 23, 1980.

The hospital initially challenges the propriety of the present appeal, contending that the union has no right to appeal and has not applied for leave to appeal. This claim is without merit. MCL 423.23(2)(e); MSA 17.454(25)(2)(e)[1] clearly provides "[a]ny party aggrieved by a final order of the commission * * *" (MERC) with an appeal "as a matter of right".[2]

The union next contends that MERC's decision was not supported by competent, material, and substantial evidence on the record, considered as a whole,[3] and that therefore its decision must be reversed. The union submits that the MERC majority[4] "impermissibly isolate[d] each objection as well as the pieces of evidence produced in support

[1] "(e) Any party aggrieved by a final order of the commission granting or denying in whole or in part the relief sought may within 20 days of such order as a matter of right obtain a review of the order in the court of appeals by filing in the court a petition praying that the order of the commission be modified or set aside, with copy of the petition filed on the commission, and thereupon the aggrieved party shall file in the court the record in the proceeding, certified by the commission."

[2] But cf. In the Matter of the Petition of Metropolitan Council 23, American Federation of State, County and Municipal Employees, AFL-CIO, 89 Mich App 564; 280 NW2d 600 (1979), rev'd on other grounds 409 Mich 299; 294 NW2d 578 (1980).

[3] Michigan Employment Relations Comm v Detroit Symphony Orchestra, Inc, 393 Mich 116, 121; 223 NW2d 283 (1974), MCL 423.23(2)(e); MSA 17.454(25)(2)(e).

[4] Commission Member William M. Ellmann filed a dissenting opinion.

of that objection", and then proceeded to overrule each objection if it would not, considered alone, amount to a violation of the PERA. This argument reflects a serious misapprehension as to this Court's standard of review of a MERC decision. It is the duty of this Court to determine whether MERC's finding on each objection is supported by "competent, material, and substantial evidence on the record considered as a whole"[5], and *not* to determine whether the board should have found at least *some* violation of the PERA on the basis of the entire record. Since we find that MERC's decision on each objection was supported by competent, material, and substantial evidence on the record considered as a whole, we reject this contention by the union.

The union also contends that MERC erred in finding that the hospital, a public employer, had the right to expend public funds in opposition to the union's organizational efforts. The union's attack on these expenditures is two-pronged: First, the union contends that PERA does not permit a public employer to mount a campaign against a union. Second, the union argues that the expenditure of public funds to prevent unionization is an infringement of the employees' constitutional right of free association. We address these contentions in order.

We first note that the PERA is modeled after the National Labor Relations Act (NLRA) and that therefore any differences between the two acts must be accorded interpretive significance. Section 158(c) of the NLRA provides:

"The expressing of any views, argument, or opinion, or the dissemination thereof, whether in written,

---

[5] MCL 423.23(2)(e); MSA 17.454(25)(2)(e).

printed, graphic, or visual form, shall not constitute or be evidence of an unfair labor practice under any of the provisions of this Act, if such expression contains no threat of reprisal or force or promise of benefit." 29 USC 158(c).

The PERA contains no comparable clause. The union argues that this omission evidences a legislative intent to forbid the expression of views on union representation by public employers. Although there is some force to this argument, we find ourselves unpersuaded for a number of reasons.

First of all, it is important to recognize that no provision of the PERA contains an express or implied prohibition against the expression of views by a public employer. Therefore, we are left with little indication of the Legislature's intent in this regard. The omission of such a provision may have reflected an intent to permit *broader* rights of expression than the NLRA, or this omission may indicate that the Legislature intended significant restrictions on the scope of expression.

Secondly, we note that the purpose of the PERA is to protect the organizational rights of public employees, which include the right to organize and the right *not* to organize:

"Employees have a right to organize collectively and choose a bargaining agent to represent them. That right, and the corresponding right to forgo collective bargaining altogether, must be protected." *Detroit Police Officers Ass'n v City of Detroit,* 61 Mich App 487, 495; 233 NW2d 49 (1975) (footnote omitted).

We believe that this purpose is best served by permitting the free flow of information from both union and employer to prospective union mem-

bers. Such a dynamic interplay of opposing views is most likely, in our belief, to ensure that each employee can make an informed choice on the representation issue. Similar views were expressed in *Oregon State Employees Ass'n v Dep't of Commerce,* 34 Or App 727, 730; 579 P2d 872 (1978), in which the Oregon Court of Appeals held that a state agency had the right to expend public funds to campaign against a union in a representation election under the state collective-bargaining law:

> " 'It seems apparent that the Legislature contemplated that the employees should be allowed to make an informed and secret choice at the polls. Without some opportunity for advocates of both positions to be heard, the opportunity of the employees to make that informed choice would not be possible. Within the bounds of fair comment, and reasonable and timely opportunity to answer charges leveled, both sides may be heard.' "

Finally, we entertain grave doubts about the constitutionality of a statute forbidding the expression of views on union representation by a public employer. Clearly, *private* employers have a First Amendment right to express such views. See *National Labor Relations Board v Virginia Electric & Power Co,* 314 US 469; 62 S Ct 344; 86 L Ed 348 (1941). We need not decide the constitutional issue at this time, since we have determined that the PERA does not prohibit the expression of views by a public employer. Nevertheless, because we feel that in enacting the PERA the Legislature attempted to accommodate the constitutional interests of all the parties, we consider the First Amendment a significant factor in our construction of the statute.

For the foregoing reasons, we hold that the PERA allows a public employer to expend public

time and money to express its views on union representation.

The union also contends that the hospital's campaign constitutes an infringement of its employees' First Amendment right of freedom of association. We assume, without deciding, the existence of such a constitutional "right to unionize"[6] but find no infringement thereof merely by virtue of a public employer's expression of its views on union representation, absent intimidation, coercion, or misrepresentation. Manifestly, fair comment on the question of union representation does not "abridge" an employee's freedom of association. Consequently, we find this portion of the union's challenge without merit.

The union also claims that the hospital's campaign expenditures were not made for a "public purpose" and are therefore illegal. We disagree. The hospital is vested with considerable discretion in determining the expenditures necessary for its efficient operation, and we find no abuse of this discretion.

Finally, the union contends that MERC erred in refusing to consider alleged violations by the hospital of the Open Meetings Act, MCL 15.261; MSA 4.1800(11), and the Freedom of Information Act, MCL 15.231; MSA 4.1801(1). We find no error in this refusal inasmuch as the proper forum to seek relief from a violation of either act is the circuit court. MCL 15.270; MSA 4.1800(20),[7] MCL 15.240;

[6] *Jones v North Carolina Prisoners' Labor Union, Inc,* 433 US 119; 97 S Ct 2532; 53 L Ed 2d 629 (1977), *Elk Grove Firefighters Local No 2340 v Willis,* 400 F Supp 1097 (ND Ill, 1975), aff'd 539 F2d 714 (CA 7, 1976), and *York County Firefighters Ass'n, Local 2498 v York County, Virginia,* 589 F2d 775 (CA 4, 1978), all may be read for the proposition that freedom of association includes freedom to organize. We note, however, that in each of these cases the state's infringement of the right to organize was upheld.

[7] Section 10 of the Open Meetings Act provides:

"SEC. 10. (1) Decisions of a public body shall be presumed to have

MSA 4.1801(10).[8] The union argues that MERC should have considered these alleged violations under MCL 423.210; MSA 17.455(10), which provides in part:

"(1) It shall be unlawful for a public employer or an officer or agent of a public employer (a) to interfere with, restrain or coerce public employees in the exercise of their rights guaranteed in section 9; (b) to initiate, create, dominate, contribute to, or interfere with the formation or administration of any labor organization: Provided, That a public employer shall not be prohibited from permitting employees to confer with it during working hours without loss of time or pay; (c) to discriminate in regard to hire, terms or other conditions of employment in order to encourage or discourage membership in a labor organization * * *."

According to the union, the hospital's alleged violations constituted "interference with the formation of a labor organization". We cannot agree, since we believe that such violations are not within the scope of the above passage.

We have reviewed the proceedings before MERC and find no error.

Affirmed. Costs to be paid by petitioner-appellant.

been adopted in compliance with the requirements of this act. The attorney general, the prosecuting attorney of the county in which the public body serves, or any person may commence a civil action *in the circuit court* to challenge the validity of a decision of a public body made in violation of this act." (Emphasis supplied.)

[8] Section 10 of the FOIA provides in part:

"SEC. 10. (1) If a public body makes a final determination to deny a request or a portion thereof, the requesting person may commence an action *in the circuit court* to compel disclosure of the public records." (Emphasis supplied.)